UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **JUSTIN WASH,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO. 3:18-CV-792-RGJ ) |
| **CMH OF KY., INC.** **d/b/a OAKWOOD HOMES,** | ) ) ) |
| Defendant. | ) ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  NATURE OF THE CASE**

1. Plaintiff, Justin Wash ("Wash"), by counsel, brings this action against Defendant, CMH of KY., Inc. d/b/a Oakwood Homes ("Defendant") alleging a violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. as amended.

**II.  PARTIES**

2. Wash is a resident of Hardin County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Western District of Kentucky.

**III.  JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. §

203(d).

6. Wash was an "employee" as that term is defined by 29 U.S.C. § 203(e)(1).

7. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

8. Wash began working for the Defendant on or about June 2, 2015.

9. Wash served as a Professional Housing Consultant at Defendant's Home Center 243 location.

10. Wash reported to Bill Rotert, Manager.

11. At all times relevant, Wash met or exceeded Defendant's legitimate performance expectations.

12. During his employment, Rotert told Wash to only report having worked 40 hours in a week, so that Defendant would not have to pay him overtime. Wash routinely was required to work in excess of 40 hours in a week.

13. Rotert told Wash to white-out customer names and other information on various contractor bids and bills and return them to him. Wash believed that Rotert would utilize the manipulated documents in an unethical, fraudulent and/or unlawful way.

14. Wash discovered Certificates of Completion that had his name on them; however, his signature on the documents had been forged.

15. In or about early June 2018, Wash contacted Jerry Tackett, Regional Vice President, to report his concerns with Rotert's requests and actions.

16. On or about June 18, 2018, Wash emailed his concerns to Kevin Clayton, Chief Executive Officer, Danny Warwick, President of Sales and Bobby Albets, Zone Vice President.

17. On or about June 25, 2018, Wash received a letter acknowledging the concerns that he reported and stating that he would not be terminated for any of the actions that he had brought their attention.  Wash signed the letter on July 9, 2018, and Jerry Tackett, Regional Vice President, and Brian Hayes, Vice President of Human Resources, signed off on the letter on July 16, 2018.

18. Three weeks later, on August 9, 2018, Defendant terminated Wash's employment for having reported the issues described above.

19. At the time of his termination from employment, Jason Atcher, Manager, told Wash that he was being let go because they no longer needed the manpower.

20. Defendant's stated reason for discharging Wash is pretext for retaliation.

21. Bob Harris, an outside hire, replaced Wash on or about September 10, 2018.

## V. Causes of Action

22. Wash hereby incorporates paragraphs one (1) through fourteen (21) of his complaint as if the same were set forth at length herein.

23. Defendant retaliated against Wash by discriminating against him for having complained about its request to work unpaid overtime.

24. Defendant's actions violated the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

25. Defendant's actions were intentional, malicious, and done with reckless disregard for Wash's legally protected rights.

26. Wash has suffered damages as a result of Defendant's conduct.

## VI. Requested Relief

WHEREFORE, Plaintiff, Justin Wash, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstate Wash to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Wash of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Liquidated damages;

5. Compensatory damages;

7. Punitive damages;

8. All costs and attorney's fees incurred as a result of bringing this action;

9. Pre- and post-judgment interest on all sums recoverable; and

10. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty. No. 23551-49
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

Attorneys for Plaintiff, Justin Wash

## DEMAND FOR JURY TRIAL

Plaintiff, Justin Wash, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty. No. 23551-49
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

Attorneys for Plaintiff, Justin Wash